**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4814**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

FREDRICK DEON JETER,

Defendant – Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg.  Henry F. Floyd, District Judge. (7:09-cr-00165-HFF-1)

Submitted:  April 1, 2010                    Decided:  May 11, 2010

Before TRAXLER, Chief Judge, and NIEMEYER and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

James B. Loggins, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant.  William Corley Lucius, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fredrick Deon Jeter appeals from the 120-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to one count of possession with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (2006). Jeter's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal, but questioning whether Jeter's sentence is reasonable in light of the 18 U.S.C. § 3553(a) (2006) sentencing factors. Jeter filed a pro se supplemental brief, requesting a reduction in sentence based on the sentencing disparity between powder cocaine and cocaine base. Finding no reversible error, we affirm.

Because Jeter presents his claim of sentencing error for the first time on appeal, we review for plain error. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010); see also Fed. R. Crim. P. 52(b). To demonstrate plain error, a defendant must show that: (1) there was an error; (2) the error was plain; and (3) the error affected his "substantial rights." United States v. Olano, 507 U.S. 725, 732 (1993). We are not required to correct a plain error unless "a miscarriage of justice would otherwise result," meaning that "the error seriously affects the

2

fairness, integrity, or public reputation of judicial proceedings." Id.

When reviewing a sentence, we must first ensure that the district court did not commit any "significant procedural error," such as failing to consider the § 3553(a) factors or failing to adequately explain the sentence. Gall v. United States, 552 U.S. 38, 51 (2007). Once we have determined there is no procedural error, we must consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. Id. If the sentence imposed is within the appropriate Guidelines range, we consider it on appeal to be presumptively reasonable. United States v. Go, 517 F.3d 316, 318 (4th Cir. 2008). The presumption may be rebutted by a showing "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Our review of the record reveals that the district court properly calculated Jeter's applicable Guidelines range, taking into account the ten-year statutory mandatory minimum sentence. Critically, because the Government did not move for a downward departure to reflect substantial assistance, the district court had no authority to depart below the mandatory minimum. 18 U.S.C. § 3553(e); Melendez v. United States, 518

3

U.S. 120, 125-26 (1996).  Furthermore, Jeter's within-Guidelines sentence is presumptively reasonable on appeal and Jeter has not rebutted that presumption.  Therefore, we find that the district court committed no reversible error in sentencing Jeter to 120 months' imprisonment.

In his pro se supplemental brief, Jeter requests a reduction of sentence based on the sentencing disparity between powder cocaine and cocaine base.  However, Jeter may only seek this relief by first filing a 18 U.S.C. § 3582(c)(2) (2006) motion in the district court.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment.  This court requires that counsel inform Jeter, in writing, of his right to petition the Supreme Court of the United States for further review.  If Jeter requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jeter.  We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4